IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
BILLIE JOE CHAPMAN,           )
                              )
            Plaintiff,        )        4:14CV3141
                              )
      v.                      )
                              )
YVONNE D. SOSA-GAYTON, TIM    )        MEMORANDUM AND ORDER
BURNS, DOUGLAS COUNTY PUBLIC  )
DEFENDERS OFFICE, and JUDGE   )
CONIGLIA,                     )
                              )
            Defendants.       )
_____)
```

This matter is before the Court on its own motion. Plaintiff Billie Joe Chapman must show cause within 30 days why this case should not be dismissed for his failure to pay an initial partial filing fee or seek an extension of time in which to do so.

## I.   BACKGROUND

On July 7, 2014, Chapman, a prisoner incarcerated at the Newton Correctional Facility in Newton, Iowa, filed his complaint (Filing No. 1) in this matter. Thereafter, on July 31, 2014, Chapman filed a motion seeking leave to proceed in forma pauperis (Filing No. 7). The Court granted Chapman's motion on August 4, 2014, and ordered him to pay an initial partial filing fee in the amount of $5.82. Chapman was ordered to pay an initial partial filing fee in the amount of $5.82 because his inmate trust account statement, sent to the Court by the

financial officer at Newton Correctional Facility, reflected that the average deposits to Chapman's account for the six months preceding the filing of the complaint was $29.10. *See* 28 U.S.C. § 1915(b)(1) (requiring prisoners to pay an initial partial filing fee in the amount of 20 percent of the greater of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint).

## II. DISCUSSION

Chapman argues that he should not have to pay the initial partial filing fee because "the Prison takes 100% of all monies with the claim that Plaintiff owes the prison by debt." (Filing No. 12 at CM/ECF p. 1.) Chapman further argues that prison officials have "misled and lied to this court" by indicating that Chapman has a "[p]ositive balance." (Filing No. 14 at CM/ECF p. 1.) However, the trust account certificates submitted by the financial officers at Chapman's institution do not reflect, as Chapman suggests, that Chapman has a *positive* account balance. Rather, these certificates (Filing Nos. 5 and 11) merely reflect that the average monthly *deposits* to Chapman's account for the six months preceding the filing of the complaint is $29.10. That is not to say that Chapman has ready and easy access to this deposited money. Indeed, if the number of cases

-2-

Chapman has filed in the federal district courts is any indication of how much money is charged to his trust account on a monthly basis, then it is apparent why Chapman has a negative account balance. In the last five years alone, Chapman has filed 12 civil rights cases in the federal district courts,[1] as well as numerous habeas corpus actions. *See* 28 U.S.C. § 1915(b)(1) (requiring prisoners to pay the full amount of their filing fees).

> While it may be true that Chapman's average monthly account balance is zero, pursuant to 28 U.S.C. § 1915(b)(1), Chapman must pay an initial partial filing fee in the amount of 20 percent of the *greater of* plaintiff's average monthly deposits or average monthly account balance for the six months preceding the filing of the complaint. The Court determined that Chapman's initial partial filing fee is $5.82, and ordered him to pay it by September 4, 2014. He did not do so. In addition, he did not request an extension of time in which to pay the initial partial

---

[1] *See* District of Nebraska Case Numbers: 8:11-CV-00145-JFB-PRSE; 8:12-CV-00370-RGK-CRZ; 4:13-CV-03205-JMG-PRSE; and 4:14-CV-03141-LES-PRSE. *See* Southern District of Iowa Case Numbers: 4:11-CV-00107-RP-RAW; 4:13-CV-00432-SMR-CFB; 4:14-CV-00134-REL; 4:14-CV-00069-REL; and 4:14-CV-00065-REL. *See* Northern District of Iowa Case Numbers: 1:14-CV-00109-EJM; 1:14-CV-00093-EJM; and 1:14-CV-00028-EJM.

filing fee, despite being told on at least two occasions that he may do so.

IT IS ORDERED:

1. Chapman must show cause within 30 days from the date of this Memorandum and Order why this case should not be dismissed for his failure to pay the initial partial filing fee or seek an extension of time in which to do so. Any response must include either a request for an extension of time in which to pay the initial partial filing fee *or* a declaration under penalty of perjury that Chapman directed prison officials to remit payment of the initial partial filing fee and they failed or were unable to adhere to his request. *See* [Taylor v. Cassady, --- Fed. App'x. ----, 2014 WL 4378388 (8th Cir. Sept. 5, 2014)](#) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account"). Failure to comply as directed will result in dismissal of this case for want of prosecution.

2.   The clerk's office is directed to set the following pro se case management deadline: November 10, 2014: Check for response to show cause order.

DATED this 7th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.