IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3141 |
| | ) | |
| v. | ) | |
| | ) | |
| YVONNE D. SOSA-GAYTON, TIM BURNS, DOUGLAS COUNTY PUBLIC DEFENDERS OFFICE, and JUDGE CONIGLIA, | ) ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

Plaintiff Billie Joe Chapman ("Plaintiff" or "Chapman") filed his *pro se* complaint (Filing No. 1) on July 7, 2014. This Court gave Chapman leave to proceed in forma pauperis (Filing No. 8). To date, Chapman has not paid the initial partial filing fee in this case, a step ordinarily required before initial review is conducted. Regardless, in the interest of progressing this case to disposition, the Court now conducts an initial review of his complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Chapman is currently incarcerated at the Iowa Medical and Classification Center in Coralville, Iowa. His claims are based on incidents that occurred when he was extradited from Nebraska to Iowa. Liberally construed, Chapman alleges defendants Yvonne Sosa-Gayton and Tim Burns, his public defenders

in Douglas County, Nebraska, did not effectively represent his interests during state-court extradition proceedings. He also alleges the state court judge, defendant Judge Coniglia, refused to allow Chapman to "speak for himself." (Filing No. 1 at CM/ECF pp. 2-3.) For relief, Chapman seeks $20,000 from each of the named defendants, as well as $40,000 from the defendants' employers.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

-2-

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  West v. Atkins, 487 U.S.42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**III.  DISCUSSION**

**A.   Federal Tort Claims Act**

Chapman purports to bring this suit under the Federal Tort Claims Act, a federal statute that permits private parties to sue the United States in federal court for some torts

-3-

committed by persons acting on behalf of the United States. *See* 28 U.S.C. § 1346. Here, Chapman has sued his state court-appointed public defenders for actions they took in representing him in state court, and a state court judge for actions he took in presiding over a state criminal matter. (*See* Filing No. 1 at CM/ECF pp. 2-3.) The Federal Tort Claims Act is inapplicable. Accordingly, the Court will consider Chapman's claims as if they were brought pursuant to 42 U.S.C. § 1983 for violations of his civil rights.

**B.   42 U.S.C. § 1983**

Chapman alleges Sosa-Gayton and Burns provided him with ineffective assistance of counsel because they did not sufficiently protect his rights prior to his extradition. (Filing No. 1 at CM/ECF pp. 3-4.) However, as Chapman's public defenders, Sosa-Gayton and Burns are not subject to suit in this action. To state a claim under section 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel,

-4-

either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations."). Accordingly, the Court will dismiss Chapman's claims against Sosa-Gayton and Burns without prejudice to reassertion in a habeas corpus action or similar proceeding.

Chapman also alleged Judge Coniglia refused to allow Chapman "to speak for himself all under case # CR10-33631." A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Here, Chapman alleged no facts against Judge Coniglia that would fall outside the scope of his duties in presiding over a state-court

case.  Accordingly, he is immune from suit.  A separate judgment will be entered in accordance with this memorandum opinion.

DATED this 1st day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

-6-